UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA, | 1:12-CV-01783 LJO GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| CONNIE GIPSON, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 31, 2012, Petitioner filed the instant petition. He challenges his conviction sustained on October 21, 2010, in Merced County Superior Court for first degree murder; commission of murder during the commission of mayhem; commission of murder during the commission or attempted commission of torture; and kidnaping. Petitioner was sentenced to life without the possibility of parole and a term of life with the possibility of parole plus ten years.

Petitioner raises five claims for relief: 1) He claims he was denied his constitutional right to a speedy trial; 2) He contends the judgment must be reversed because the evidence given by an accomplice was not corroborated; 3) He claims the jury was misinstructed about statements made by the accomplice; 4) He alleges the prosecutor committed <u>Griffin</u> error by penalizing him for

exercising his Fifth Amendment right to refrain from testifying; and 5) He contends the abstract of judgment must be corrected to indicate that the restitution amount is the joint and several responsibility of all defendants convicted.

**DISCUSSION**

I.  Preliminary Review of Petition

     Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

II.  Dismissal of Claim Two

     In his second claim for relief, Petitioner complains that the evidence given by accomplice Vasquez was not corroborated.  Petitioner does not allege a violation of the Constitution. Presumably, Petitioner's claim centers on a violation of California's rule that an accomplice's testimony be corroborated.  See Cal. Penal Code § 1111.[1]

     As a threshold matter, Petitioner's complaints about the alleged lack of corroboration for Vasquez's testimony do not give rise to any federal constitutional concerns cognizable in federal habeas review.  "The Fourteenth Amendment does not forbid a state court to construe and apply its laws with respect to the evidence of an accomplice."  Lisenba v. California, 314 U.S. 219, 227 (1941).  While California law requires that accomplice testimony be corroborated, the corroboration of accomplice testimony is not constitutionally mandated.  See United States v. Augenblick, 393

---

[1] Cal. Penal Code § 1111 provides that "[a] conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

U.S. 348, 352 (1969) ("When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions."); Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir.2000) ("[a]s a state statutory rule, and to the extent that the uncorroborated testimony is not 'incredible or substantial on its face,' [Section 1111] is not required by the Constitution or federal law"; citations omitted); United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986) ("The uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face."); Odle v. Calderon, 884 F.Supp. 1404, 1418 (N.D.Cal.1995) ( "corroboration of accomplice testimony is not a federal constitutional requirement").  Therefore, the mere fact that California law may have been violated in connection with the accomplice's testimony does not warrant federal habeas relief.  See also Harrington v. Nix, 983 F.2d 872, 874 (8th Cir.1993) ("state laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review," because "[t]here is no constitutional requirement that accomplice testimony be corroborated"); Brown v. Collins, 937 F.2d 175, 182 n. 12 (5th Cir.1991) ("the Constitution imposes no requirement that the testimony of an accomplice-witness be corroborated by independent evidence," and "a state court's failure to enforce that purely state rule, simply would not warrant constitutional attention"); Takacs v. Engle, 768 F.2d 122, 127 (6th Cir.1985) ("If uncorroborated accomplice testimony is sufficient to support a conviction under the Constitution, there can be no constitutional right to instruct the jury that it must find corroboration for an accomplice's testimony.").  Accordingly, the claim should be dismissed.

III.  Dismissal of Claim Five

In his fifth claim for relief, Petitioner challenges the restitution fine imposed by the trial court.  He claims the abstract of judgment must be corrected to reflect joint and several responsibility for the amount by all defendants convicted.  The Court is without jurisdiction to consider such a claim.  See Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010) ("We . . . conclude that § 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence.").  Therefore, Ground Five of the petition should be dismissed as well.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Grounds Two and Five be DISMISSED from

the petition for writ of habeas corpus.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:   November 20, 2012**                    /s/ Gary S. Austin
                                                 UNITED STATES MAGISTRATE JUDGE