# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS ALBERTO VALENCIA, | ) | 1:12-CV-01783 LJO GSA HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | ) | |
| CONNIE GIPSON, Warden, | ) | [Doc. #18] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 31, 2012, Petitioner filed a petition for writ of habeas corpus. After conducting a preliminary review of the petition, on November 21, 2012, the Court issued a Findings and Recommendation which recommended Grounds Two and Five be dismissed from the petition. On December 28, 2012, the District Court adopted the Findings and Recommendation and dismissed Grounds Two and Five. Thereafter, Respondent was directed to file a response to the petition. On April 3, 2013, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. Petitioner filed an opposition to the motion on April 29, 2013, wherein Petitioner requested a stay of the proceedings. Respondent filed a reply to Petitioner's opposition on May 9, 2013.

**DISCUSSION**

I. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood,

> 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Respondent contends that Ground Three is unexhausted. In his opposition Petitioner does not dispute this contention. However, Petitioner requests a stay of the proceedings so he can return to state court to exhaust state remedies. For reasons discussed below, the Court recommends a stay be denied.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Rose, 455 U.S. at 521-22. However, Petitioner will be provided with an opportunity to withdraw the unexhausted claim and go forward with the exhausted claim.

II.  Motion for Stay

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), cert. denied, 519 U.S. 1102 (1997). However, the Supreme Court held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, Petitioner provides no reason to excuse his failure to first present his claims to the state courts, and the Court does not find good cause. Respondent correctly argues that the instant petition is simply premature. Petitioner acknowledges his petition contains an unexhausted claim and he concedes he is well within the limitations period. This is not a case where the petitioner has

discovered a new claim on the eve of the expiration of the limitations period and files a protective federal petition. By Petitioner's calculations, he still has nearly seven months remaining. There is no need for a stay, and stay and abeyance is only appropriate when good cause has been shown. Rhines, 544 U.S. at 277. Indeed, as Respondent correctly points out, it would be unfair to place Petitioner in a superior position to other petitioners who comply with the requirement that no federal petition be filed until all claims have been presented to the state courts. If is also unfair to the Court to have a case unnecessarily sit idle on its docket while Petitioner progresses through the state courts. Petitioner's motion for stay of the proceedings should be DENIED.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Respondent's motion to dismiss be GRANTED;

2) Petitioner's motion for stay be DENIED; and

3) The petition for writ of habeas corpus be DISMISSED without prejudice.[1]

Petitioner may, at his option, move to withdraw the unexhausted claim within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claim. If Petitioner fails to withdraw the unexhausted claim within the thirty (30) day time frame, the Recommendation will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust his unexhausted claim. Rose, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted claim, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 13, 2013                    /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE