UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA,              )<br>                                                     )<br>               Petitioner,             )<br>                                                     )<br>        v.                                          )<br>                                                     )<br>CONNIE GIPSON, Warden,          )<br>                                                     )<br>               Respondent.            )<br>_____)  | Case No.: 1:12-CV-01783 LJO GSA HC<br><br>ORDER DENYING MOTION TO WITHDRAW PETITION<br>[Doc. #28] |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On June 25, 2013, the Court issued an Order dismissing the petition without prejudice for failure to exhaust state remedies. Judgment was entered the same date. On August 15, 2013, Petitioner filed the instant motion to withdraw his petition with the option to refile it at a later date. Petitioner's motion will be denied since the petition has already been dismissed and the case closed. Petitioner is advised that the dismissal was without prejudice[1] to the filing of a new petition at a later date once exhaustion has been completed.

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:
  [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed
   petition to instruct an applicant that upon his return to federal court he is to bring only

1

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to withdraw his petition is DENIED.

IT IS SO ORDERED.

Dated: **August 21, 2013**        /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE

---

exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.